IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUSSELL KATT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV380 |
| | ) | |
| v. | ) | |
| | ) | |
| CARGILL, INCORPORATED, a | ) | MEMORANDUM AND ORDER |
| Delaware Corporation, and | ) | |
| GETHMANN CONSTRUCTION | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's motion to remand (Filing No. 9) and defendant Gethmann Construction Company's motion to dismiss (Filing No. 12). Having reviewed the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court will deny plaintiff's motion to remand and grant defendant Gethmann's motion to dismiss.

**BACKGROUND**

Plaintiff filed an amended complaint and jury demand in the Nebraska District Court in and for Washington County on June 11, 2005, naming Cargill Incorporated ("Cargill") and plaintiff's employer, Gethmann Construction Company ("Gethmann") as defendants. Plaintiff alleges that he contracted the disease histoplasmosis while working in the course of his employment for

Gethmann on land located in Blair, Nebraska, owned and controlled by Cargill.[1]

Plaintiff's complaint contains two causes of action. First, plaintiff alleges that both Cargill and Gethmann negligently caused injury to the plaintiff by permitting the plaintiff to work on land both defendants allegedly knew to be contaminated with the Histoplasma capsulatum fungus.  Second, plaintiff asserts that Cargill is strictly liable for its failure to provide reasonable warnings concerning the dangerous condition of the property.

On August 4, 2005, Cargill, absent Gethmann's consent, removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.  Plaintiff has filed a motion to remand, claiming that this action is not removable under 28 U.S.C. § 1445(c).

**DISCUSSION**

**A.  Plaintiff's Motion To Remand**

The party opposing remand bears the burden of proving that removal was appropriate.  *Green v. Ameritrade, Inc.*, 279

---

[1]   Histoplasmosis is a disease caused by inhaling spores of the *Histoplasma capsulatum* fungus, which grows in soil and material contaminated with excessive bat or bird droppings. Disturbance of contaminated soil causes the *H.capsulatum* spores to become airborne or aerosolized, which can develop into histoplasmosis if the spores are inhaled.  *See* Department of Health and Human Service's Histoplasmosis Fact Sheet attached to plaintiff's Amended Complaint.

-2-

F.3d 590, 596 (8th Cir. 2001).  Cargill argues that removal under 28 U.S.C. § 1441 was appropriate in this case because there is complete diversity between the plaintiff, a Nebraska resident, and defendants, Cargill, a Delaware corporation with its principal place of business in Minnesota, and Gethmann, an Iowa corporation with its principal place of business in Iowa. Plaintiff does not contest Cargill's removal under § 1441. Rather, plaintiff argues that this action is non-removable under 28 U.S.C. § 1445(c) because plaintiff's tort claims against Cargill and Gethmann "arise under" Nebraska's workers' compensation laws.  The Court disagrees.

Title 28, U.S.C. § 1445(c) prohibits removal of any civil action "arising under" state workers' compensation laws. Federal law governs whether a claim "arises under" state workers' compensation laws.  *Humphrey v. Sequentia, Inc.* 58 F.3d 1238, 1245 (8th Cir. 1995).  The definition of "arising under" utilized by federal courts in interpreting § 1445(c) is the same definition utilized by the courts in interpreting § 1331 cases. *Id.; see also Ehler v. St. Paul Fire and Marine Ins. Co.*, 66 F.3d 771, 772 (5th Cir. 1995); *Houston v. Newark Boxboard Co.*, 597 F. Supp. 989, 991 (E.D. Wis. 1984).  Hence, consistent with § 1331 cases, prior courts have held that, for purposes of § 1445(c), "a suit arises under the law that creates the cause of action." *Ehler*, 66 F.3d at 772.  Accordingly, the Court must determine

-3-

whether plaintiff's tort claims, allegedly stemming from an injury occurring within the scope of plaintiff's employment, arise under Nebraska's workers' compensation scheme.  While the Eighth Circuit has yet to decide this precise issue, the circuit's reasoning in *Humphrey v. Sequentia, Inc*. is instructive.

In *Humphrey*, a former employee brought an action in state court against a former employer alleging retaliatory discharge in violation of Missouri's workers' compensation laws. 58 F.3d at 1240.  The defendant removed the action to federal district court pursuant to § 1441(b).  Plaintiff thereafter filed a motion to remand arguing that the case arose under Missouri's workers' compensation laws and was, therefore, non-removable under § 1445(c).  *Id*. at 1245-1246.  The district court denied plaintiff's motion stating, "an independent state common law tort action for retaliatory discharge is not a civil action arising under the workmen's compensation laws within the meaning of § 1445(c)."  *Id*. at 1245.  The Eighth Circuit reversed, holding that plaintiff's claim arose under state workers' compensation laws because § 287.780 of the Missouri Workers' Compensation Act expressly created an independent cause of action against an employer for retaliatory discharge.  Importantly, the Court explained,

> [W]e hold that plaintiff's action in
> state court 'arose under' Missouri's

-4-

> workers' compensation laws because the
> right established by § 287.780 is an
> essential element of plaintiff's claim,
> the success of plaintiff's claim will
> depend on how § 287.780 is construed, a
> genuine and present controversy exists
> with reference to § 287.780, and the
> controversy is disclosed upon the face
> of the complaint.

*Id.* at 1246.

In applying the rationale in *Humphrey* to the facts in the present case, the Court finds that plaintiff's tort claims do not arise under Nebraska's workers' compensation laws.  The plaintiff has not cited, nor was the Court able to locate, any provision in the Nebraska's Workers' Compensation Act expressly creating an independent civil cause of action against an employer for negligence.  In addition, neither the face of plaintiff's complaint nor any other pleadings in this case disclose any controversy regarding Nebraska's Workers' Compensation Act.  Therefore, unlike the claim in *Humphrey*, the success of plaintiff's tort claims will not depend on how any provision in Nebraska's workers' compensation statutes is construed.

This result is consistent with decisions reached in other federal jurisdictions.  *See Houston*, 597 F. Supp. at 991 (§ 1445(c) did not prevent removal because plaintiff's tort action did not "arise under" Wisconsin's workers' compensation statutes where state workers' compensation laws would play no role in determining whether plaintiff would prevail and complaint

-5-

made no mention of workers' compensation statute); *Spearman v. Exxon Coal USA Inc.*, 16 F.3d 722 (7th Cir. 1994) (common law tort claims do not arise under workers' compensation laws). Accordingly, the Court concludes that plaintiff's tort claims do not arise under Nebraska's Workers' Compensation Act and that 28 U.S.C. § 1445(c) does not bar removal.

### B.  Gethmann's Motion to Dismiss

#### 1.  Standard of Review

In considering a motion to dismiss a complaint under Rule 12(b)(6), the Court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).  A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.*  Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

#### 2.  Analysis

Gethmann seeks dismissal of plaintiff's negligence claim on the ground that the claim is precluded by the exclusive

-6-

remedy doctrine of the Nebraska Workers' Compensation Act.[2]   The Nebraska Workers' Compensation Act is an employee's exclusive remedy against an employer for injuries arising out of and in the course of employment.  *Skinner v. Ogallala Public School Dist. No. 1,* 631 N.W.2d 510, 519 (Neb. 2001).   The exclusive remedy doctrine has been interpreted to bar negligence actions against employers for injuries arising out of and in the course of employment.  *Id.; Levander v. Benevolent, Protective Order of Elks U.S. of America*, 596 N.W.2d 705, 709 (Neb. 1999).

Accordingly, it follows with little explanation, that plaintiff is precluded from maintaining a negligence action against Gethmann for alleged injuries arising out of and during the course of plaintiff's employment.   Therefore, Gethmann's motion to dismiss will be granted.

The dismissal of the claim against Gethmann, however, does not dismiss Gethmann as a party altogether.   Gethmann remains a necessary party pursuant to Neb. Rev. Stat. § 48-118 to determine Gethmann's right to subrogation for workers'

---

[2]  The Nebraska Workers' Compensation Act applies to plaintiff's claim against Gethmann even though Gethmann is a nonresident employer.  *See* Neb. Rev. Stat. § 48-106(1) (2004) ("The Nebraska Workers' Compensation Act shall apply . . . to every resident employer in this state and nonresident employer performing work in this state who employs one or more employees, in the regular trade, business, profession, or vocation of such employer.").

compensation benefits paid or to be paid under Nebraska's
Workers' Compensation Act.  Accordingly,

IT IS ORDERED:

1)  Plaintiff's motion to remand (Filing No. 9) is
denied.

2)  Defendant Gethmann's motion to dismiss (Filing No.
12) is granted.  Plaintiff's negligence claim against defendant
Gethmann is dismissed.

3) Gethmann Construction Company, Inc., shall remain as
a party to this action for purposes of its right to subrogation
for workers' compensation benefits paid to or to be paid to
plaintiff.

DATED this 11th day of October, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court