IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
RUSSELL KATT,                    )
                                 )
            Plaintiff,           )      8:05CV380
                                 )
      v.                         )
                                 )
CARGILL, INCORPORATED, a         )      MEMORANDUM AND ORDER
Delaware Corporation, and        )
GETHMANN CONSTRUCTION            )
COMPANY, INC.,                   )
                                 )
            Defendants.          )
_____)
```

This matter is before the Court on plaintiff and defendant Gethmann Construction Company's ("Gethmann") joint motion and stipulation to dismiss Gethmann (Filing No. 34), and defendant Cargill Inc.'s ("Cargill") motion for leave to file a cross-claim against Gethmann (Filing No. 39). Plaintiff and Gethmann have stipulated and agreed that Gethmann will disclaim any subrogation interest in satisfaction of its lien for workers' compensation benefits pursuant to Neb. Rev. Stat. § 48-118 and that plaintiff, in exchange, will dismiss its complaint as to Gethmann. Defendant Cargill opposes the joint motion and stipulation for dismissal, arguing that it should be permitted to file a cross-claim against Gethmann and have the jury apportion the fault of all parties, including Gethmann, under the Nebraska Comparative Fault Act. Alternatively, Cargill argues that it should be permitted to file a cross-claim against Gethmann so that Gethmann's subrogation interest is reduced by an amount

equal to its percentage of fault.  Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court denies plaintiff and Gethmann's joint motion and stipulation to dismiss Gethmann and grants Cargill's motion for leave to file a cross-claim against Gethmann.

## BACKGROUND

Plaintiff commenced this action against Cargill and plaintiff's employer, Gethmann, seeking damages for injuries plaintiff sustained after allegedly contracting *histoplasmosis*[1] while working in the course of his employment for Gethmann on land located in Blair, Nebraska, owned and controlled by Cargill. Plaintiff's complaint contains two causes of action.  First, plaintiff alleges that both Cargill and Gethmann negligently caused injury to the plaintiff by permitting the plaintiff to work on the land both defendants allegedly knew to be contaminated with a dangerous and potentially fatal fungus. Second, plaintiff asserts that Cargill is strictly liable for its failure to provide reasonable warnings concerning the dangerous condition of the property.

---

[1] Histoplasmosis is a disease caused by inhaling spores of the *Histoplasma capsulatum* fungus, which grows in soil and material contaminated with excessive bat or bird droppings.  Disturbance of contaminated soil causes the *H.capsulatum* spores to become airborne or aerosolized, which can develop into histoplasmosis if the spores are inhaled.  *See* Department of Health and Human Service's Histoplasmosis Fact Sheet attached to plaintiff's Amended Complaint.

-2-

In its order dated October 11, 2005, the Court dismissed plaintiff's negligence claim against Gethmann under the exclusive remedy doctrine to the Nebraska Workers Compensation Act ("the Act"), but retained Gethmann's presence as a party for purposes of determining Gethmann's subrogation rights.  Gethmann, in the joint motion and stipulation for dismissal, now wishes to disclaim any subrogation interest it may have in exchange for plaintiff dismissing it as a defendant.  Cargill, who would be the lone defendant if Gethmann is dismissed, seeks to file a cross-claim against Gethmann to permit the jury to apportion fault between it and Gethmann.

## DISCUSSION

Section § 25-21,185.11(1) of Nebraska's Comparative Fault Act, Neb. Rev. Stat. §§ 25-21,185.07 - 25-21,185.12, provides, in relevant part:

> A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable shall discharge that person from all liability to the claimant but shall not discharge any other persons liable upon the same claim unless it so provides.  *The claim of the claimant against other persons shall be reduced by the amount of the released person's share of the obligation as determined by the trier of fact.*

Neb. Rev. Stat. § 25-21,185.11(1) (Reissue 1995) (emphasis added).  Cargill argues that Gethmann is a "released person"

under § 25-21,185.11 and, therefore, that any judgment for the plaintiff should be reduced by the amount of fault attributable to Gethmann.  Cargill relies on two authorities to support this contention.  First, it relies on Section 48-148 of the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-101 *et seq.*, which provides, in relevant part:

> If any employee . . . of any employer subject to the Nebraska Workers' Compensation Act files any claim with, or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury . . . such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.

Neb. Rev. Stat. § 48-148 (Reissue 2004).  Cargill claims that the legislature intended employers covered by § 48-148 the Nebraska Workers' Compensation Act to be a "released person" under § 25-21,185.11 because the legislature used the same release language when it enacted both statutes.

Second, Cargill relies on the comments of the Nebraska Supreme Court Committee on Civil Practice and Procedure, located in the workers' compensation section of the Nebraska Jury Instructions, *see* N.J.I.2d Civ. § 5.04, Caveat No. 3 (West. 2005).  In discussing the relationship between Section 25-21,185.11 of the Nebraska Comparative Fault Act and Section 48-

-4-

148 of the Nebraska Workers' Compensation Act, the Committee states:

> It seems likely that an employer released under the worker's compensation statute is included as a "released person" under Neb. Rev. Stat. § 25- 21,185.11 (Reissue 1995) and, therefore, the negligence of the employer must be taken into account in a lawsuit from which the employer was released. . . . The Legislature used the same language of "release" when it enacted L.B. 262 [§ 25- 21,185.11], and L.B. 262 requires that the negligence of "released persons" be taken into account in the employee's actions against third parties.  Neb. Rev. Stat. § 25- 21,185.11 (Reissue 1995).
>
> . . . .
>
> A blameless employer would have no share of the negligence and, if released, no share of the liability.  There would, then, be no reduction based on the release of a blameless employer. (Though someone may have to prove to the jury that the employer was blameless, someone other than the employer, of course, for the employer is not a party in the lawsuit.)  It is only the employer whose negligence contributes to the damage who must be included in the damages reduction under L.B. 262. (And, again, someone participating in the lawsuit will have to prove to the jury that the employer was negligent.)

Nebraska Courts have yet to decide whether a third-party may file a cross-claim seeking allocation against an

-5-

employer who is merely a party to the action to protect its subrogation interest.[2]  This precise issue, however, was recently addressed by this Court in *Windom v. FM Industries, Inc.*, 2002 WL 378525 (D. Neb. March 12, 2002).

In *Windom*, the plaintiff employee filed an action to recover for personal injuries he sustained while working on a railroad car cushion unit.  *Id*. at *1.  Plaintiff sued the manufacturer of the car cushion unit and the manufacturer then cross-claimed against plaintiff's employer, seeking allocation. *Id*.  The employer moved to dismiss the cross-claim, arguing that the manufacturer was precluded from asserting a cross-claim against it under the exclusive remedy provision to the Nebraska Workers' Compensation Act.  *Id*. at *2.  The manufacturer opposed dismissal, arguing, *inter alia*, that the employer was a "released party" under Neb. Rev. Stat. § 25-21,185.11 and, therefore, that the jury should have the opportunity to apportion fault between it and the employer.  *Id*. at *3.  In support of this argument, the manufacturer relied on the same authorities cited by Cargill in the present case, namely, Neb. Rev. Stat. §§ 25.21,185.11 and the comments in the workers' compensation section of the jury instructions.  *Id*. at *2-3.  The Court, noting that the issue was

---

[2] It is clear under Nebraska law that a third-party is precluded from asserting a contributory negligence cross-claim against an employer which seeks indemnification or contribution from the employer.  *See Vangreen v. Interstate Machinery & Supply Co.*, 246 N.W.2d 652, 654 (Neb. 1976).

one of first impression, concluded that the manufacturer's cross-claim for allocation under § 25-21,185.11 was proper and denied the employer's motion to dismiss.  In reaching this conclusion, the Court primarily relied on *Steele v. Encore Mfg. Co.*, 579 N.W.2d 563, 568 (Neb. Ct. App. 1998), wherein the Nebraska Court of Appeal's held that a third-party may present evidence at trial that a non-party "employer's negligence was actually the sole proximate cause of the employee's injuries," even though the employer cannot be sued in tort for injuries to employees covered by the Nebraska Workers' Compensation Act.[3]  Relying on *Steele* and *Vangreen*, *see* note two *supra*, the *Windom* Court went on to hold, "[g]iven Nebraska's willingness to allow third-party negligence claims against employers in contexts other than contribution or indemnification," that the manufacturer was not precluded from asserting an allocation cross-claim against the employer.  *Id*. at *3.

Based on the rationale set forth in the workers' compensation section of the Nebraska Jury Instructions and in this Court's opinion in *Windom*, the Court concludes that Gethmann's alleged negligence may be presented to a jury for allocation purposes, pursuant to Neb. Rev. Stat. § 25-21,185.11.  Cargill, however, is precluded from asserting a contribution

---

[3] *Steele* was decided even before the 1992 enactment of the Nebraska Comparative Fault Act.

cross-claim against Gethmann.  *See Vangreen*, 246 N.W.2d at 654-55.  Accordingly,

       IT IS ORDERED:

       1) Plaintiff and defendant Gethmann's joint motion and stipulation to dismiss Gethmann (Filing No. 34) is denied.

       2) Defendant Cargill's motion for leave to file an allocation cross-claim against Gethmann (Filing No. 39) is granted.  Defendant Cargill shall have until May 22, 2006, to file its amended cross-claim.

       DATED this 2nd day of May, 2006.

                             BY THE COURT:

                             /s/ Lyle E. Strom
                             _____
                             LYLE E. STROM, Senior Judge
                             United States District Court